COHEN, J.
 

 B.B. challenges the trial court’s final judgment terminating his parental rights.
 
 [1]
 
 We affirm.
 

 After the Department of Children and Families (“DCF”) sheltered the ten-month-old based on a report of malnutrition, B.B. consented to the child’s dependency. The trial court adjudicated the child dependent, placed him with grandparents, and approved B.B.’s case plan that had a goal of reunification. More than a year passed, and despite DCF’s offer of services, B.B. failed to substantially comply with his case plan. Based on this failure, the trial court granted DCF’s petition to terminate his parental rights pursuant to section 39.806(l)(e), Florida Statutes.
 

 B.B. argues that terminating his parental rights was not the least restrictive means of protecting the child because he could have been placed in a permanent guardianship with the paternal grandparents. However, the fact that a long-term placement with a relative exists does not preclude terminating a parent’s rights.
 
 See A.J. v. K.A.O.,
 
 951 So.2d 30, 31 (Fla. 5th DCA 2007). The least restrictive means test requires DCF to make a good faith effort to rehabilitate the parent and reunite the family through a case plan before terminating a parent’s rights.
 
 See
 
 
 *185
 

 Padgett v. Dep’t of Health & Rehabilitative Servs.,
 
 577 So.2d 565, 571 (Fla.1991).
 

 In this case, B.B. was offered a ease plan. However, he failed to substantially comply with its terms by failing to follow through with substance abuse treatment, failing to maintain appropriate housing and employment, being convicted of several new law violations during the pendency of the proceeding, and testing positive for drugs. This failure, coupled with the trial court’s finding that termination was in the manifest best interests of the child, is not being challenged on appeal, and furthermore, is supported by competent, substantial evidence.
 
 See D.B. v. Dep’t of Children and Families,
 
 932 So.2d 230 (Fla. 4th DCA 2005). Consequently, the trial court did not err when it terminated B.B.’s parental rights. Accordingly, we affirm.
 

 AFFIRMED.
 

 SAWAYA, J., and COBB, W., Senior Judge, concur.
 

 [1]
 

 . The mother, whose parental rights the trial court terminated based upon her consent, is not a party to the appeal.